917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis CHANDLER, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Warden, and Indiana Attorney General,
Respondents-Appellees.
 No. 88-3083.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1990.*
Decided Nov. 5, 1990.
 
 Before BAUER, Chief Circuit Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Otis Chandler filed a petition for a writ of habeas corpus pursuant to Sec. 2254, alleging that numerous discovery violations and the denial of proposed jury instructions rendered his trial unconstitutional. The district court held that Chandler could not succeed on the discovery claim because he was unable to show any prejudice resulting from the violations. In addition, the court held that many of the claims regarding the jury instructions were procedurally defaulted, and that the remaining claim was without merit.
 
 
 2
 The record of the trial in state court reveals numerous instances in which the prosecutor failed to comply with the court's discovery order. Specifically, Chandler challenges the prosecutor's failure to provide the following: a transcript of the grand jury minutes until the second and third days of trial; the address of a witness who was not made available to be deposed until the first day of trial; and copies of photographs, police reports, and a transmittal receipt for fingerprints sent to the FBI. We note initially that this case does not present the type of claim addressed in Brady v. Maryland, 373 U.S. 83 (1963), or United States v. Agurs, 427 U.S. 97 (1976). The Court held in those cases that the suppression of evidence favorable to the defendant violates due process where the evidence is material to guilt or punishment. 373 U.S. at 87. In those cases, however, the evidence withheld from the defendants was not discovered by the defendants until after trial. In contrast, the evidence in this case was produced at trial. It is well-established in this circuit that delay in the production of evidence is not analyzed under Brady if the evidence is produced before the end of the trial. See United States v. Zambrana, 841 F.2d 1320, 1340 (7th Cir.1988); United States v. Allain, 671 F.2d 248, 255 (7th Cir.1982). In cases challenging only the timing of discovery, the proper analysis is whether the delay prevented the defendants from receiving a fair trial. 841 F.2d at 1340; 6671 F.2d at 255. "As long as the ultimate disclosure is made before it is too late for the defendant[ ] to make use of any benefits of the evidence, Due Process is satisfied." 841 F.2d at 1340; 671 F.2d at 255.
 
 
 3
 Under that standard, Chandler has failed to demonstrate a constitutional violation because he has not alleged any prejudice resulting from the delay. Moreover, the record does not reveal any prejudice that could have resulted. Chandler has not indicated how the photographs, fingerprint receipt, or police reports contained new, material information which could have affected the defense, nor does he assert that his attorney was provided insufficient time to prepare a response. Moreover, the trial court granted Chandler's motion for a continuance when Chandler received the grand jury testimony and the witness information. Chandler's attorney did not request a further continuance, and did not claim at trial that the time allowed was insufficient to enable him to prepare the defense. In fact, Chandler's attorney conducted an extensive cross-examination of the witness when the trial resumed after the continuance. Therefore, the claims regarding untimely discovery fail to demonstrate a constitutional violation.
 
 
 4
 The second argument advanced by Chandler concerns proposed jury instructions which the trial judge refused. Chandler attempted to raise the same arguments to the state supreme court, and the court held that challenges to seven of the instructions were waived because they were not raised in compliance with Ind.R.App.P. 8.3(A)(7). "When a state court relies explicitly upon a state procedural default rule in declining to review a federal question, a federal court sitting in habeas corpus jurisdiction must accept that determination as an 'adequate and independent' state ground for decision of the issue." Williams v. Chrans, 894 F.2d 928, 934 (7th Cir.1990); Harris v. Reed, 489 U.S. 255 (1989). As a result, Chandler's claims regarding those seven jury instructions are barred by procedural default. The only remaining claim involves the trial court's rejection of the following jury instruction:
 
 
 5
 An accomplice who turns 'State's Evidence' and agrees to 'cooperate' with the State in consideration of lenience or the dismissal of charges, to be realistic, is being bribed regardless of facts that public policy has approved such action in the interest of effective law enforcement and, therefore, such accomplice's testimony, though not necessarily false, is highly suspect and should be highly scrutinized by the jury.
 
 
 6
 Chandler has not demonstrated that the denial of this instruction deprived him of a fair trial. The testimony at trial indicated that the accomplice might not be charged for the crime, and thus the jury was sufficiently apprised of the possible credibility problem. Chandler has not argued that this instruction was so prejudicial as to deprive him of a fair trial, and therefore Chandler has failed to demonstrate a constitutional violation. Accordingly, the decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record